**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Phone: (973) 623-3000
Fax: (973) 623-0211
alite@ldgrlaw.com
mpatunas@ldgrlaw.com
mtarantino@ldgrlaw.com

**GOODWIN PROCTER LLP**
John C. Englander
Don M. Kennedy
Elaine H. Blais
Melissa L. Paddock
Exchange Place
Boston, MA 02109
(617) 570-1000

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN CO., LLC AND PFIZER HEALTH AB, | Civil Action No.: 08-1331(DMC)(MF) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO SEAL** |
| TEVA PHARMACEUTICALS USA, INC., | |
| Defendant. | |

**THIS MATTER** having come before the Court upon the motion of defendants

Teva Pharmaceutical USA, Inc ("Teva") pursuant to Local Rule 5.3(c) to seal Teva's

Brief in Support of Appeal from June 4, 2009 Order of Magistrate Judge Falk Denying

Defendant's Motion to Compel Discovery Concerning Pfizer's Loss of Exclusivity to

211207 v1

Market Tolterodine ER and Exhibits 4, 5, 6 and 8 to Declaration of Sheryl Garko dated June 18, 2009, and the Court having considered the written submissions of the parties; *and no opposition having been filed;* and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information, and for other and good cause having been shown.

## FINDINGS OF FACT

1. The materials that Teva seeks to seal contain information designated by the plaintiffs as "Confidential" or "Restricted Confidential" under the Discovery Confidentiality Order, entered on July 16, 2008 (the "Order").

2. By designating the materials as "Confidential" under the Order, plaintiffs have represented that the subject information consists of: trade secrets; confidential and proprietary technical, research or development information; commercial, financial, budgeting, and accounting information; information about existing and potential customers; marketing studies, performance, and projections; business strategies, decisions, and negotiations; license agreements; or confidential, proprietary and private information about affiliates, parents, subsidiaries, third parties, or employees with whom they have had business relationships.

3. By designating the materials as "Confidential" under the Order, plaintiffs have represented that the subject information consists of: trade secrets, non-public business and marketing plans, customer lists, research and development, work with third-party collaborators and licensees; financial information; non-public correspondence with United States and foreign patent and regulatory offices; or any other information that

211207 v1

would harm the competitive position of plaintiffs if the information becomes known to a party other than the producing party.

4.     This is a complex pharmaceutical patent infringement action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contains proprietary and confidential research, development and business information of the parties. The materials identified herein contain information designated by plaintiffs as "Confidential" or "Restricted Confidential."

5.     Plaintiffs have represented that public disclosure of this information would be detrimental to their business. Due to the nature of the materials described herein, there is no less restrictive alternative to filing the materials under seal.

## CONCLUSIONS OF LAW

6.     Upon consideration of the papers submitted in support of the motion and the materials that plaintiffs have designated as "Confidential" or "Restricted Confidential" which Teva is required to seek to have the Court seal, the Court concludes, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes (a) that the materials contain confidential information concerning plaintiffs' business; (b) that the plaintiffs have a legitimate interest in maintaining the confidentiality of the materials in order to protect their disclosure to potential competitors who could use the materials and the information contained therein to develop competing products; (c) that public disclosure of the materials would result in clearly defined and serious injury, including the use of the

211207 v1

materials by competitors to plaintiff's financial detriment; and (d) no less restrictive alternative to sealing the subject documents is available.

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to the court filings is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 37 F.3d 133, 143 n. 8 (2d Cir. 2004).

**BASED UPON** the foregoing findings of fact and conclusions of law, it is:

**ORDERED** that Teva's Motion to Seal is hereby **GRANTED**.

SO ORDERED this 28 day of July 2009.

_____
Hon. Mark Falk, U.S.M.J.

211207 v1