NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN CO., LLC and PFIZER HEALTH AB | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 08-CV-1331 (DMC) |
| TEVA PHARMACEUTICALS USA, INC. | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon partial appeal pursuant to Fed. R. Civ. P. 72 by Defendant Teva Pharmaceuticals USA, Inc. of the Honorable Mark Falk, U.S.M.J.'s discovery order. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court for the reasons herein expressed that Defendant's appeal is **denied**.

**I. BACKGROUND**

Teva filed a motion to compel limited discovery with respect to Detrol® LA in connection with the launch of Pfizer, Inc., Pharmacia & UpJohn Co., LLC and Pfizer Health AB's (collectively "Plaintiffs" or "Pfizer") other overactive bladder drug, Toviaz®. By way of Opinion and Order, dated June 4, 2009, Magistrate Judge Falk denied in part Defendant's motion to compel discovery pertaining to Plaintiffs alleged intent to cease marketing of the Detrol® brand and to "cannibalize" the Detrol® LA market through introduction of a new product, Toviaz®.

## II.  STANDARD OF REVIEW

Generally, non-dispositive determinations of a magistrate judge are reviewed under the "clearly erroneous or contrary to law standard." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 315 (D.N.J. 2009); L. Civ. R. 72.1c.  "A magistrate judge's decision is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (citations omitted). "A magistrate judge's decision is contrary to law when he or she has 'misinterpreted or misapplied applicable law.'" Id. (citing Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 1948)).  "The burden of demonstrating clear error rests with the appealing party." Id.

However, discovery orders by a magistrate judge are reviewed for abuse of discretion. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000); see Massachusetts School of Law at Andover v. American Bar Assoc., 107 F.3d 1026, 1032 (3d Cir. 1997).  "Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard' must be applied." I-Med Pharma Inc. v. Biomatrix, Inc., 2008 U.S. Dist. LEXIS 63612, *5 (D.N.J. Aug. 19, 2008).  "It should be noted that '[p]articular deference is accorded to magistrate judges on discovery issues.'" Sensient, 649 F. Supp. at 315 ( citing Costa v. County of Burlington, 584 F. Supp. 2d 681, 684 (D.N.J. 2008)).

## III.  DISCUSSION

Defendant contends that "documents that demonstrate that factors other than (or in addition

to) the attributes of the claimed extended release formulation may cause the sales of Detrol® LA are directly relevant to the issue of commercial success in this case." (Def. Br. at 10). Further, Defendant argues that the "launch of Toviaz® is driving the spending or marketing concerning Detrol® LA, which, in turn, these documents evidence is driving sales of Detrol® LA." (Def. Br. at 10-11). Additionally, identifying Toviaz® as "a follow-on product to Detrol® LA[,]" Defendant asserts that "Pfizer intends to switch its overactive bladder market from Detrol® LA to Toviaz® and it plans to do so by ceasing marketing of Detrol® LA in favor of Toviaz®." (Def. Br. at 11). Therefore, Defendant concludes that the documents sought are relevant to commercial success.

Plaintiffs assert the material sought is temporally irrelevant given the fact that Detrol® LA was introduced to the market over a decade before the inception of Toviaz®. Further, Plaintiffs contend that although Toviaz® is used to treat a similar condition, it is not the patent at issue and therefore, any marketing strategies pertaining to that drug are irrelevant to the commercial success of the patent in this case. Plaintiffs argue that any decision to dedicate resources formerly used for one product to another, even for the purposes of marketing, does not invalidate commercial success previously enjoyed by that product. Lastly, Plaintiff contends that the discovery sought concerns subjective predictions rather than objective facts.

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "FRE 402 provides the baseline for determining the admissibility of evidence in the federal courts." In re Nautilus Motor Tanker Co., 85 F.3d 105 (3d Cir. 1996) (citing Daubert v. Merrell Dow Pharms, 509 U.S. 579 (1993)). Fed R. Evid. 402 provides the following:

> All relevant evidence is admissible, except as otherwise provided by the Constitution

>   of the United States, by Act of Congress, by these rules, or by other rules prescribed
>   by the Supreme Court pursuant to statutory authority.

Id. "FRE 401 defines 'relevant' evidence as evidence 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Id.

Magistrate Judge Falk concluded that discovery concerning Toviaz® is irrelevant to the commercial success of Detrol® LA. This Court agrees. Defendant's reliance on McNeil-PPC v. Perrigo Co., 516 F. Supp. 2d 238, 254 (S.D.N.Y. 2007) is misguided. That case, unlike the case at hand, identifies the commercial success of a predecessor drug as negating, or significantly reducing, the alleged commercial success of a related successor drug. In the instant matter, Defendant endeavors to use the inverse of that principle as a means of establishing that marketing, rather than sales, is the source of commercial success Detrol® LA. That is, Defendant seeks to establish a confounding proposition that a related successor drug nullifies the alleged commercial success of a predecessor drug. To use a related successor drug, only recently introduced to the market, to displace the commercial success of a predecessor drug which had been on the market for over a decade before the introduction of the successor results in inherently convoluted logic. This Court concludes that Magistrate Judge Falk did not abuse his discretion in determining that discovery concerning the potential marketing strategy of a tangentially related successor drug, not at issue before this Court, is irrelevant. Defendant's appeal is **denied**.[1]

---

[1] This Court reads the magistrate judge's opinion as holding that Pfizer's subjective beliefs are equally irrelevant with respect to Toviaz®. Given the irrelevance of the successor drug to this matter, it is unnecessary to pass on whether subjective considerations concerning the potential marketing for a related successor drug come into play.

**IV.** <u>CONCLUSION</u>

Based on the foregoing, Defendant's appeal of the discovery order is **denied**. An appropriate order accompanies this opinion.

                                                                             S/ Dennis M. Cavanaugh
                                                                             Dennis M. Cavanaugh, U.S.D.J.

Dated:        January  13  , 2010
Original:   Clerk
cc:           All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File